IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01808-TPO

JEAN CARLOS GONZALEZ FLOREZ,

      Petitioner,

v.

GEORGE VALDEZ, Field Office Director,
U.S. Immigration and Customs Enforcement,

DENVER FIELD OFFICE,
U.S. Immigration and Customs Enforcement,

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

U.S. DEPARTMENT OF HOMELAND SECURITY,

TODD BLANCHE, Acting U.S. Attorney General,

JUAN BALTAZAR, Warden,
Denver Contract Detention Facility, and

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

in their official capacities,

      Respondents.[1]

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus filed by

Petitioner. ECF 2. The Parties consented to this Court's jurisdiction. ECF 8. Chief Judge Daniel

---

[1]    Pursuant to Fed. R. Civ. P. 25(d), this Court updates the case caption with the names of those Respondents who are the current office holders.

D. Domenico referred the matter to this Court for "final disposition" and to "conduct any and all further proceedings and order the entry of judgment in the case." ECF 9. This Court issued an Order to Show Cause [ECF 5] to which Respondents responded [ECF 10]. Petitioner did not reply by the May 21, 2026 deadline set by the Court, and thus the Petition is now ripe for review. Because the Court determines that Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition and its briefing and having reviewed the relevant case law, the Court **denies** the Petition.

## FACTUAL BACKGROUND

Petitioner is a citizen of Venezuela. ECF 2 ¶ 11. He was apprehended on arrival and released on his own recognizance. *Id*. ¶ 23. He has resided in the United States for over two years, since 2023. *Id*. ¶ 12.

Petitioner asserts that he was taken into immigration custody on August 28, 2025 "solely as a result [of] a traffic stop and not as a result of an arrest or new violation of the law." ECF 2 ¶¶ 11, 24. He was charged as being inadmissible and as someone who entered the United States without inspection. *Id*. ¶ 24. The Department of Homeland Security (DHS) commenced removal proceedings pursuant to 8 U.S.C. § 1229a. *Id*. He denied that his detention was based on 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *Id*. ¶ 23. At the time of his arrest, Immigration and Customs Enforcement (ICE) did not set a bond, and an immigration judge denied him bond. *Id*. ¶ 12.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to Petitioner's immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person

2

is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that for § 2241 purposes, Petitioner has been in immigration custody in the District of Colorado since August 28, 2025. ECF 2 ¶¶ 1, 18, 23. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

Petitioner contends that his detention is unlawful. For Count I, he contends that Respondents are detaining him contrary to *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025) despite Bond Eligible Class membership. ECF 2 ¶¶ 38-43. For Count II, he contends that Respondents are incorrectly applying the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) to him. *Id*. ¶¶ 44-47. He argues that his circumstances—as someone who already has entered the United States and was residing inside the United States when he was taken into immigration custody—instead qualifies him for discretionary detention under 8 U.S.C. 1226(a). *Id*. ¶¶ 29-37. For relief, he seeks immediate release or alternatively consideration for release on bond. *Id*. ¶ 47.

This Court begins by noting that the dispute over whether Petitioner's detention is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A) is now moot. On November 19, 2025, Petitioner appeared before an immigration judge where he "admitted the allegations and charges of inadmissibility." ECF 10-1 ¶ 14. On February 25, 2026, an immigration judge ordered Petitioner removed to Ecuador. *Id*. ¶ 18. On March 27, 2026, the order of removal became final, *id*. ¶ 19, and since then, the mandatory detention provision of 8 U.S.C. § 1231(a) applies to his situation, *id*. at

3

5-6.[2] Respondents state that they are currently taking steps to remove Petitioner to a third country rather than to his native Venezuela. *Id*. ¶¶ 23-25. By failing to file a Reply, Petitioner fails to rebut Respondents' factual assertions. As a result, this Court finds that Petitioner is in custody pursuant to 8 U.S.C. § 1231(a), not § 1225 or § 1226.

For the above reasons, the Petition is **denied**. This Court's denial of his present Petition is without prejudice to his ability to challenge his present § 1231-based detention on due process grounds should circumstances later warrant it. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *see also Rodriguez v. Ceja*, No. 24-cv-01509-SBP, 2024 WL 6994875, at *4 (D. Colo. Aug. 12, 2024) (denying a premature challenge to § 1231 detention without prejudice).

The Clerk of Court shall enter Final Judgment in the Respondents' favor and close this case.

SO ORDERED.

DATED at Denver, Colorado, this 1st day of June, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge

---

[2]    Title 8 U.S.C. § 1231(a)(1)(A) mandates detention for 90 days after a removal order becomes administratively final.